# CIRCUIT COURT OF THE CITY OF RICHMOND

Hugo Bowers et al.

v.

City of Richmond et al.

July 23, 2009

Case No. CL07-4658

BY JUDGE MELVIN R. HUGHES, JR.

The defendants' demurrer to the Amended Complaint and defendants' Plea in Bar are before the Court following the parties' appearance on July 20, 2009.

The case, presented by three plaintiffs, alleges in a Complaint three causes of action in four counts: (1) conspiracy under Va. Code §§ 18.2-499, 18.2-500 (conspiracy statute for injury to business in Count I); (2) tortious interference with contract in Count II; and (3) defamation in Counts III and IV. The case essentially is about defendant, L. Douglas Wilder, while mayor of the City of Richmond, allegedly instigating the removal of plaintiffs Bowers, Bowers Consultants, Inc., and Bowers Construction, Inc., who are in the construction business, from the Miller & Rhoads Building restoration construction project in mid-July 2006. With respect to the conspiracy claim, it is said that defendants, Wilder, the City of Richmond, two former defendants, and certain other persons not named as defendants, conspired to injure plaintiffs in their businesses in violation of Va. Code §§ 18.2-499, 18.2-500. The demurrers question the legal sufficiency of all the claims and assert that the defamation counts are time barred under the applicable statute of limitations.

The demurrers raise a number of issues. The salient ones require that the demurrer be sustained and the defamation claims dismissed as time barred. First, with respect to the conspiracy claim. Defendants argue that, to

mount a claim under Va. Code §§ 18.2-499, 18.2-500, the conspiracy must entail criminal intent. The pleadings do not allege the commission of criminal acts. Rather, the gravamen of the action ascribed to defendants is a conspiracy accomplished through tortious interference with contract and defamation. Here, the pleading says the defendants committed wrongful conduct, to wit, the alleged torts. That conduct need not be criminal as the statute provides that a conspiracy be "for the purpose of (i) willfully and maliciously injuring another in his reputation, trade, business, or profession *by any means whatever.* . . ." (emphasis added). *See Advanced Marine Enterprises v. PRC, Inc.*, 256 Va. 106, 124-25 (1998). So, under the facts as pleaded, the underlying tort must be alleged and proved as "there can be no conspiracy to commit the tort" without such. *Commercial Bus. Systems v. Halifax Corp.*, 253 Va. 292, 300, 484 S.E.2d 892 (1997). For the reasons mentioned herein, the facts pleaded as tortious interference do not state a cause of action. Also, as to defendant Wilder, the pleadings do not make out a distinction between Wilder's actions as mayor, which would be immune. There is no allegation that Wilder acted *ultra vires*. Each allegation as to his actions say that he acted both individually and as mayor. See paragraph 5 ("At all times relevant herein, Wilder is/was acting in both his individual and/or official capacity as mayor of the City of Richmond, Virginia."). The actions of Wilder described in the Amended Complaint are immune for the reasons and authorities cited in his and the City's memoranda in support of their demurrers. Lastly, for reasons stated *infra,* the tortious conduct ascribed to him in Count II is legally deficient and as such will not withstand demurrer.

In Count II, plaintiffs assert a claim of tortious interference. While it is pleaded that plaintiffs Bowers Consultants and Bowers Construction had a contract that was terminated mid-July 2006 by the defendants interference, during argument, plaintiffs' counsel conceded that plaintiffs were not then doing any work for which they could seek compensation. And as to any expectancy, the pleadings do not offer any allegation other than a mere hope or belief that future work would come. The fact that plaintiffs had performed work under contract in the past has been said not to be sufficient reason to posit that a business relationship will continue to sustain a cause of action for tortious interference with business expectancy. *Commercial Roofing & Sheet Metal Co. v. Gardner Eng.*, 60 Va. Cir. 384, 387 (Fairfax Co. 2002). In summary, there is no sufficient allegation that plaintiffs have not been paid or are due payment for work performed when they were removed from the property by defendants' actions nor of a business expectancy.

As to defamation, as the acts attributed to the defendants led to termination in mid-July 2006 and this case was filed September 24, 2007, which is more than one year later, these claims are time barred under the provisions of Va. Code § 8.01-247.1. The court's order of March 21, 2008, limits the basis of the defamation claims to those contained in the Bill of Particulars filed January 22, 2008.

In summary, the demurrer as to Counts I and II are sustained. Counts III and IV will be dismissed as time barred. Plaintiff will have leave to file an amended pleading within twenty days and any response due from defendants shall be filed ten days after receipt of any amended pleading filed in connection with these rulings.

Lastly, as to the Plea in Bar, I have found the authorities on the matter of good faith mentioned in Va. Code § 8.01-35.1 and on which defendants argue a release by virtue of the settlement agreement entered into with the former defendants to be rather scant. The Court finds that the reasons advanced by the defendants based on the terms of the settlement (consideration from non-parties, etc.) is insufficient to find no good faith. The effect of that settlement, however, will only produce a credit on any judgment obtained against the defendants, a matter that can be taken up in that event according to the terms of the statute. Thus the Plea in Bar is overruled to the extent that the defendants should enjoy a release by virtue of the settlement with the two former defendants.